# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MITCHELL WOJTANEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08-CV-7074 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| DISTRICT LODGE NO. 8 OF THE ) | |
| INTERNATIONAL ASSOCIATION ) | |
| OF MACHINISTS AND AEROSPACE ) | |
| WORKERS, AFL-CIO, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Mitchell Wojtanek filed suit against District Lodge No. 8 of the International Association of Machinists and Aerospace Workers, AFL-CIO (the "Union"), alleging age discrimination in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 626 *et seq*.[1]  Before the court is the Union's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the motion [#33] is granted.

## RELEVANT FACTS[2]

On August 17, 2006, Wojtanek received a written offer for a position as a maintenance mechanic at Pactiv Corporation ("Pactiv"). Wojtanek started working at Pactiv's Wheeling, Illinois plant on September 1, 2006.

---

[1] This court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12117. Venue is proper under 28 U.S.C. § 1391(b) because the parties reside in this district and a substantial part of the events giving rise to the claims occurred in this district.

[2] The facts set forth in this section are derived from the statements of fact and supporting documents submitted by the parties to the extent they comport with Local Rule 56.1, as discussed in more detail below. They are taken in the light most favorable to the non-movant.

Pursuant to a collective bargaining agreement, the Union is the sole bargaining agency for all production and maintenance employees at Pactiv's Wheeling plant. Article 9 of the collective bargaining agreement, titled "Probationary Employees," provides in relevant part:

> The first nine hundred (900) hours of employment is a period during which a new or rehired employee must show satisfactory or better performance as determined by the Company. Work quality and quantity, safety compliance, attendance, dependability, and conduct are some of the important factors. Discharge from employment during this period is not subject to the grievance and arbitration procedures.

Matargas Aff. Ex. D, Art. 9.1. A new employee becomes a "regular employee" only after this trial period has ended. *Id.*, Art. 9.2.

Pactiv fired Wojtanek on November 17, 2006, after he worked 481 hours.[3] Pactiv's records indicate that Wojtanek was fired for "unsatisfactory performance." Matargas Aff. Ex. B at 1 (Termination Records).

On May 9, 2007, Wojtanek filed a charge of discrimination against the Union before the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). The charge alleges that the Union "failed to represent" Wojtanek on November 17, 2006 because of his age (alleged to be 65 years old as of the date the charge was filed). EEOC Charge, attached to Compl. at 7. The particulars of the charge state in full:

FAILURE TO REPRESENT – NOVEMBER 17, 2006 DUE TO MY AGE, 65

    1. I am 65 years old.

    2. I am a member [in] good standing since February 2002.

---

[3] Wojtanek asserts that he worked 489.5 hours, not 481 hours. Wojtanek Aff. ¶ 23. As discussed *infra* at pages 4–7, the court deems the Union's statement of facts to be admitted. Even if the court were to consider plaintiff's assertion to the contrary, however, the precise number of hours Wojtanek worked is immaterial because the parties agree that Wojtanek worked less than 900 hours.

2

> 3. On November 17, 2006, [the Union] failed to represent me. No reason was cited for [the Union's] adverse action.
>
> 4. Similarly situated younger members in good standing were represented adequately throughout their grievable [*sic*] offenses. . . .
>
> FAILURE TO REPRESENT – NOVEMBER 17, 2006, IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION
>
> 1. In early August, 2006, I wrote letters to [the Union] complaining about age discrimination.
>
> 2. On November 17, 2006, [the Union] failed to represent me. No reason was cited for [the Union's] adverse action.
>
> 3. [The Union] failed to represent me after I opposed unlawful discrimination, thereby, raising an inference of retaliatory motivation.

*Id.* The EEOC issued a right to sue notice on October 17, 2008.

Wojtanek filed his complaint against the Union on December 10, 2008, again alleging that the Union refused to represent him and retaliated against him because he complained about discrimination. The complaint alleges the following facts in support of Wojtanek's claims:

> In August 2006, I wrote letters to defendant complaining of age discrimination. The defendant refused to represent me and the Shop Chairman told me that it was because I was only months away from retirement. Defendant . . . conspiring against me with Pactiv refused to meet me in [an] emergency and failed to represent me. The Shop Chair told me that she knows ever[y]thing about me.

Compl. ¶ 13.[4]

---

[4] In addition, the complaint asserts that the Union "engaged in an act of forgery [and] fraud" as part of a conspiracy with Pactiv that aimed to "subvert" the IDHR investigation and "defraud" the EEOC. Compl. ¶ 12. The court will not consider these allegations. A plaintiff's ADEA claims in federal court must fall within the "scope of the EEOC charge." *Ajayi* v. *Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (quoting *Cheek* v. *W. & S. Life Ins. Co.*, 31 F.3d 497, 502 (7th Cir. 1994)). "This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501. Wojtanek's allegations of fraud before the EEOC and IDHR do not describe the same conduct that is alleged in the EEOC charge and therefore are not properly before the

(continued...)

**SUMMARY JUDGMENT STANDARDS**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. *Id.* While the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), where a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Id.* at 323. In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000).

**DISCUSSION**

**I.     Compliance with Local Rule 56.1**

Before reaching the merits of the Union's motion for summary judgment, the court will address the deficiencies in Wojtanek's response. Local Rule 56.1(a) requires the party seeking summary judgment to submit, among other things, a statement of material facts, which consists

---

[4](...continued)
court.

4

of short, numbered paragraphs and specific references within each paragraph to the affidavits, parts of the record, and other admissible evidence relied on to support the facts set forth in each paragraph. L.R. 56.1(a)(3). Significant for the court's analysis here, the non-moving party must then submit a concise response to the movant's statement of facts. L.R. 56.1(b)(3)(B). Material facts improperly denied by the non-moving party are deemed admitted by the court. *Id.* In addition, the non-moving party must submit a separate statement of any additional facts that require denial of the motion for summary judgment. L.R. 56.1(b)(3)(C). The statement of additional facts must include references to the affidavits, parts of the record, and other admissible evidence relied upon. *Id.* Local Rule 56.1 further provides that '[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(C). "Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in a manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion." *Smith* v. *Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Even where the non-moving party is representing himself *pro se*, "[a] district court is not required to 'wade through improper denials and legal argument in search of a genuinely disputed fact.'" *Id.* (quoting *Bordelon* v. *Chicago Sch. Reform Bd. of Trustee*, 233 F.3d 524, 529 (7th Cir. 2000)).

The Union, in its reply, argues that the documents Wojtanek submitted in opposition to the motion for summary judgment should be stricken or disregarded for lack of compliance with Local Rule 56.1. Wojtanek has submitted the following documents: (1) responses to the Union's Local Rule 56.1 statements of fact that admit, "admit partially," or deny each of the Union's

5

statement of facts but do not cite any of Wojtanek's supporting documents, (2) an additional statement of facts in opposition to the Union's motion, which likewise does not include citations to supporting documents, (3) a notarized affidavit that sets forth additional allegations and facts but does not include citations to supporting documents, (4) eleven exhibits, each of which includes numerous documents that are not authenticated, certified, or otherwise made admissible at trial, (5) one "additional attachment" that itself comprises four exhibits, each containing numerous documents that are not admissible evidence, and (6) a memorandum in opposition to the Union's motion that alleges various new facts and cites some, but not all, of the exhibits attached to Wojtanek's submission. Although Wojtanek received notice of the requirements of Local Rule 56.1 when he was served with the Union's motion, none of the documents in Wojtanek's response comply with the rule.

Accordingly, the court deems the Union's statement of material facts admitted and has included in the background section only those facts that are appropriately presented, supported, and relevant to the resolution of this motion. *See Smith*, 321 F.3d at 682–83 (district court properly deemed moving party's statement of material facts admitted where *pro se* plaintiff "failed in his obligation to support controverted or additional facts with citations to admissible evidence"); *Greer* v. *Bd. of Educ. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001) (trial court would have been correct to deem moving party's facts admitted where the non-moving party "did not cite any evidence in support of his pleadings" and submitted "generalized self-serving legal conclusions, rather than particularized statements of fact"); *see also Wilson* v. *Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) (strictly enforcing Local Rule 56.1 was "well within the district court's discretion" even though plaintiff in Title VII case was a *pro se* litigant) (citing

*Patterson* v. *Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009); *Greer*, 267 F.3d at 727)).

## II. Wojtanek's ADEA Claims

Wojtanek's complaint alleges that the Union unlawfully discriminated against him because it did not respond to his complaints of age discrimination in August 2006 and because it did not represent him on November 17, 2006, when he was fired by Pactiv. The ADEA provides that "[i]t shall be unlawful for a labor organization . . . to exclude or expel from its membership, or otherwise to discriminate against, any individual because of his age." 29 U.S.C. § 623(c)(1). In order to prevail on his ADEA claim, a plaintiff must show that his age was the "but-for" cause of the Union's discriminatory action. *See Gross* v. *FBL Fin. Servs., Inc.*, — U.S. —, 129 S. Ct. 2343, 2350, 174 L. Ed. 2d 119 (2009); *Martino* v. *MC Commc'ns Servs., Inc.*, 574 F.3d 447, 455 (7th Cir. 2009). A plaintiff may establish age discrimination under the ADEA using the direct or the indirect method of proof. *See Huff* v. *UA-RCO, Inc.*, 122 F.3d 374, 379 (7th Cir. 1997).

The Union argues that it was not required to represent Wojtanek on November 17, 2006 because Wojtanek was a "probationary employee" under the terms of the collective bargaining agreement. The collective bargaining agreement provided that the first 900 hours of employment was a probationary period and that discharge from employment during the probationary period was not subject to the Union's grievance and arbitration procedures. Wojtanek had worked less than 900 hours when he was discharged by Pactiv. The court agrees that these facts establish that the Union did not discriminate against Wojtanek on November 17, 2006.

Wojtanek's allegation that the Union also discriminated against him in August 2006, when he "wrote letters to [the Union] complaining of age discrimination," is not supported by the record. Wojtanek has cited no admissible evidence in support of this allegation. For these reasons, there is no genuine issue as to any material fact and the Union's motion for summary judgment will be granted.

## CONCLUSION AND ORDER

For the foregoing reasons, the Union's motion for summary judgment [#33] is granted. The clerk is directed to enter judgment in favor of the Union. This case is terminated.

ENTER:

Dated: January 25, 2011

_____
JOAN HUMPHREY LEFKOW
United States District Judge